**Steven T. MARBLEY–EL, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 71S03–1006–PC–329.

Supreme Court of Indiana.

June 24, 2010.

---

Steven T. Marbley–El, Westville, IN, pro se.

Gregory F. Zoeller, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## PER CURIAM.

Steven Marbley–El pleaded guilty to a robbery he committed in October 2006. The trial court advised him that he was giving up his right to a jury trial on the robbery charges, but did not advise him he was giving up any right to a jury trial with respect to sentence enhancements. Marbley–El was sentenced to six years, which is two years more than the four-year advisory sentence for a Class C felony. *See* Ind. Code § 35–50–2–6 (2008 Repl. Vol.).

In post-conviction proceedings, Marbley–El argued the absence of a jury-trial advisement about sentence enhancements entitled him to relief. *See Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (requiring that a defendant be aware of his right to trial by jury before a trial court accepts a guilty plea).

The trial court denied relief and the Court of Appeals affirmed in an unpublished memorandum decision. *Marbley–El v. State,* No. 71A03–0907–PC–295, slip op. 2009 WL 3878061 (Ind.Ct.App. Nov. 19, 2009), *reh'g denied* (2010).

Marbley–El asserts he was entitled to a jury trial on any factors that enhanced his sentence beyond four years. He relies on *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *see also Smylie v. State,* 823 N.E.2d 679 (Ind. 2005) (holding Indiana's former sentencing scheme to be unconstitutional after *Blakely* ).

However, *Blakely's* analysis does not apply here because Marbley–El committed the robbery after Indiana's legislature enacted the present "advisory" sentencing scheme. Courts may now impose any sentence within the statutory range for the crime; a sentence at the high end of the range under the present scheme is not an "enhanced sentence" for *Blakely* and *Smylie* purposes. *See, e.g., Anglemyer v. State,* 868 N.E.2d 482, 489 (Ind. 2007). Therefore, Marbley–El was not entitled to a jury determination of the factors that led to his six-year sentence, and the trial court correctly did not advise him that he was.

We grant Marbley–El's petition to transfer jurisdiction, and summarily affirm the Court of Appeals. *See* Ind. Appellate Rule 58(A)(2).

SHEPARD, C.J., and DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.